IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | Civil Action No. 3:16-CV-2730-L (BK) |
| | § | |
| JANICE L. STALLONS and<br>MICHAEL G. STALLONS,<br>    Defendants. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to District Judge Lindsay's *Order of Reference*, Doc. 23, and 28 U.S.C. § 636(b), *Plaintiff's Motion for Judgment on the Pleadings*, Doc. 21, has been referred to the undersigned for a recommended disposition. For the reasons stated herein, the Government's motion should be **GRANTED**.

**A.     Background**

The Government brings this action to foreclose its lien on the real property located at 8020 Wallace Road, Fort Worth, Texas 76135 ("the Property"), to partially collect on an approximately $8.5 million criminal judgment against Janice Stallons ("Mrs. Stallons"). Doc. 1. In March 2012, following her guilty plea to conspiracy to commit bank fraud, Mrs. Stallons was sentenced to 36 months' imprisonment and ordered to immediately pay restitution in the amount of $8,581,970.30. *See United States v. Janice Stallons*, No. 3:10-CR-352-M, Doc. 43 (N.D. Tex. Mar. 8, 2012). Later that month, the Government filed a Notice of Lien for Fine and/or Restitution Imposed Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996, which placed "a lien in favor of the United States upon all property belonging to [Mrs. Stallons]" ("the Lien"). Doc. 2-1 at 17. On the date the Lien was recorded and through the filing of this

action, Mrs. Stallons and her husband, Michael Stallons (collectively "Defendants"), have owned the Property in fee simple. Doc. 1 at 2-3; Doc. 8 at 3.

In September 2016, the Government brought this civil action for judicial foreclosure, seeking to partially collect on Mrs. Stallons' unpaid restitution balance of $7,820,850.35. Doc. 1. Defendants filed an Answer in which (1) they admitted the factual assertions in the Factual Background section of the Complaint; (2) asserted two affirmative defenses (failure to state a claim and improper venue); and (3) argued that the Property is exempt under 18 U.S.C. §§ 3613(a)(1), (a)(2) and 11 U.S.C. § 522(d). Doc. 8 at 3-5. The Government now moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Doc. 21. Defendants have filed a response. Doc. 22.

**B.    Legal Standard**

Rule 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citation and internal quotation marks omitted). The court may also consider documents attached to the complaint. *See Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 n.4 (5th Cir. 1998). The pleading standard for a Rule 12(c) motion is the same as for a motion to dismiss under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

2

C.     **Argument and Analysis**

The Government argues that, in their Answer, Defendants "admitted all facts necessary to demonstrate the [Government's] entitlement to the relief sought." Doc. 21 at 2. In response, Defendants make a variety of arguments, to-wit: (1) the Lien arose on the date that it was publicly recorded and not on the date of the criminal judgment, (2) Defendants did not admit the date the Lien arose or that the Lien has been publicly recorded, (3) the appropriate venue for this case "resides within the district court that assessed the criminal sentence," and (4) the Property is exempt. Doc. 22 at 2-5. Upon review of the relevant pleadings and the applicable law, the Court finds that the Government's position is well founded.

The Government filed this foreclosure action pursuant to 18 U.S.C. §§ 3613, 3664 and 28 U.S.C. §§ 2001-2002. Doc. 1 at 1. Section 3664 provides that an order of restitution may be enforced by the United States (1) in the manner provided for in 18 U.S.C. §§ 3571-3574 and 3611-3615, or (2) "by all other available and reasonable means." 18 U.S.C. § 3664(m)(1)(A)(i)-(ii). Here, the Government seeks to enforce the order of restitution via 18 U.S.C. sec. 3613, entitled "Civil remedies for satisfaction of an unpaid fine," which is "available to the United States for the enforcement of an order of restitution." 18 U.S.C. § 3613(f). Section 3613 also provides that "an order of restitution made pursuant to section[] . . . 3664 of this title, is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986." 18 U.S.C. § 3613(c); *see also* *United States v. Loftis*, 607 F.3d 173, 179 n.7 (5th Cir. 2010) ("[l]iens based on restitution orders are treated like tax liens") (citation and internal quotation marks omitted).

The Court of Appeals for the Fifth Circuit has explained that "a claim based on a general federal tax lien" must allege: (1) the date the Government assessed the tax; (2) that the Government gave notice of the assessment, demanded payment, and filed notice of the lien with the proper authority; and (3) that the Government seeks foreclosure of its federal tax lien. *United States v. Blakeman*, 997 F.2d 1084, 1089 (5th Cir. 1992), *opinion withdrawn in part on reh'g sub nom. United States v. Blakeman ex rel. Blakeman*, No. 91-1027 (5th Cir. July 28, 1993). Courts interpreting *Blakeman* in the restitution context have found that the Government sufficiently states a claim for foreclosure of a lien if it (1) states the date the lien was assessed; (2) indicates that it has given notice of the assessment, made a demand for payment, and filed notice in the public records; and (3) seeks to foreclose its lien. *See, e.g.*, *United States v. Toll*, No. 16-CV-62214-BLOOM/Valle, 2016 WL 7048321, at *3 (S.D. Fla. Dec. 5, 2016).

In the Factual Background section of its Complaint – paragraphs five through nine – the Government alleges that: (1) Mrs. Stallons pled guilty to conspiracy to commit bank fraud, was sentenced in February 2012, and, pursuant to the judgment entered on March 8, 2012, ordered to pay restitution in the amount of $8,581,970.30; (2) upon sentencing, a federal tax-type lien was imposed on all of Mrs. Stallons' property and rights to property; and (3) the DOJ filed a notice of lien in the official records of Tarrant County, Texas on March 19, 2012 to perfect the lien against Mrs. Stallons, and this lien encumbers the Property. Such allegations allege all elements needed to foreclose on a federal tax lien. *Blakeman*, 997 F.2d at 1089; *Toll*, 2016 WL 7048321, at *3. Defendants' Answer reads, in relevant part: "The Defendants admit the factual assertions contained in Paragraphs 5, 6, 7, 8, and 9," i.e., the Factual Background section of the Government's Complaint. Doc. 8 at 3. Because "factual statements in pleadings constitute binding judicial admissions," Defendants have admitted all material facts at issue in this lawsuit.

4

*McCreary v. Richardson*, 738 F.3d 651, n.5 (5th Cir. 2013) (per curiam), *as revised* (Oct. 9, 2013).

Defendants' arguments in response to the motion *sub judice* do not disturb this conclusion. First Defendants' mistakenly argue that the Lien arose when it was publicly recorded, and not on the date of the judgment. *See* 18 U.S.C. § 3613(c) (noting that a "lien [pursuant to section 3664] arises on the entry of judgment"). Second, Defendants' contention that they did not admit the date the Lien arose or the date it was publicly recorded is – as evidenced above – plainly belied by their Answer. Doc. 1 at 2; Doc. 8 at 3. Defendant may not now walk back their unequivocal admissions. *McCreary*, 738 F.3d at 659 n.5; *see also State Farm Fire & Cas. Ins. Co. v. Flowers*, No. 3:15-CV-99-SA-SAA, 2016 WL 1621997, at *3 n.4 (N.D. Miss. Apr. 19, 2016), *aff'd*, 854 F.3d 842, 845 (5th Cir. 2017) ("The Defendants cannot now, after reviewing the opposing party's arguments, change the theory of their defense in an attempt to create a dispute around a material fact already admitted.").

Third, Defendants argue that "the appropriate venue for this case resides within the district court that assessed the criminal sentence." Doc. 22 at 4. Regardless of the merits of this argument (or lack thereof), it fails because this lawsuit <u>is</u> filed in the same district court that assessed Mrs. Stallons' criminal sentence – the United States District Court for the Northern District of Texas. *See United States v. Stallons*, No. 3:10-CR-00352-M, Doc. 43 (N.D. Tex. Mar. 8, 2012). To the extent Defendant intends to argue that only the same <u>district judge</u> has authority over this action to collect restitution, such argument is wholly unsupported and a *non sequitur*.

Lastly, in their Answer, Defendants argue that, pursuant to the exemptions outlined in 18 U.S.C. secs. 3613(a)(1) and (a)(2) and 11 U.S.C. § 522, the Property is exempt as "a primary

5

residence." Doc. 8 at 5. As preemptively addressed by the Government in the motion *sub judice*, Doc. 21 at 9-10, the statutes Defendant cites are inapplicable here. That fact notwithstanding, Defendants' fail to rebut, or even acknowledge, the Government's arguments against the applicability of any exemption and assert only in conclusory fashion that "the subject property is exempt." Doc. 22 at 5. As such, Defendants have waived or abandoned any exemption-based defense. *See Roberts v. Overby-Seawell Co.*, No. 3:15-CV-1217-L, 2018 WL 1457306, at *11 (N.D. Tex. Mar. 23, 2018) (Lindsay, J.) (finding defendants abandoned or waived counterclaims where they failed to address or respond to plaintiff's arguments in support of his motion for summary judgment on those counterclaims) (citing *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006)).

**D.    Conclusion**

In sum, Defendants have admitted the essential allegations in the Government's Complaint, thereby placing all material facts beyond dispute and establishing the Government's right to foreclose its lien on the Property. *Great Plains*, 313 F.3d at 312. The arguments Defendants raise in their response brief, which fail as a matter of law, do not disturb this conclusion.

Accordingly, *Plaintiff's Motion for Judgment on the Pleadings*, Doc. 21, should be **GRANTED** and judgment entered in favor of Plaintiff. The United States of America should be permitted to sell the property free and clear of all liens, judgment, claims, and encumbrances. The proceeds of the sale should be distributed in the following order: (1) costs, expenses, and fees incurred in the sale of the Property; (2) ad valorem taxes due on the Property; and (3) the remainder to the Clerk of the Court for the Northern District of Texas in partial satisfaction of

the restitution judgment debt in United States v. Janice Stallons, No. 3:10-CR-352-M (N.D. Tex. Mar. 8, 2012). All costs of court should be taxed against Defendants.

**SO RECOMMENDED** on April 23, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE